**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 09-10040 |
| SMITTY'S BUILDING SUPPLY, INC., et al.[1] | ) ) | Jointly Administered (Chapter 11) |
| Debtors. | ) ) |  |

**MOTION FOR AUTHORITY TO SELL A SMALL AMOUNT OF PROPERTY OF THE ESTATE AS A NEGOTIATED SALE AND APPROVING EXPEDITED PROCEDURES FOR THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS**

The above captioned Debtors (the "Debtors") hereby file this Motion for Authority to Sell a Small Amount of Property of the Estate as a Negotiated Sale and Approving Expedited Procedures For the Sale or Abandonment of De Minimis Assets (the "Motion"), and in support thereof, respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is §§ 105, 363, and 554 of title 11 of the United States Code (the "Bankruptcy Code") as well as 2002 and 6004 of the

---

[1] The Debtors in these cases include Smitty's Building Supply, Inc., SBS Acquisition Corp., SBS Window Division Corp., and WindowSmith, Inc.

VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1600
Facsimile: (703) 821-8949
Kristen E. Burgers (VSB No. 67997)
Andrew J. Currie (Admitted Pro Hac)
Abby W. Clifton (Admitted Pro Hac)

BA3/412675

*Counsel to the Debtors*

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## **BACKGROUND**

4.      On January 5, 2009 (the "Commencement Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On January 15, 2009, an Unsecured Creditors' Committee was formed by the United States Trustee.

5.      Smitty's Building Supply, Inc. ("Smitty's") is one of the largest independent lumber yards in the Metropolitan Washington, D.C., area. In 2007, Smitty's employed approximately 300 people. Prior to filing, Smitty's employed approximately 130 people. Smitty's had eight locations, including the Crestwood sales office; distribution centers in Alexandria and Manassas; a warehouse in Manassas; and WindowSmith and Marvin Window & Door Showplace stores in Falls Church, Rockville, McLean, and Chantilly. In 2005 and 2006, the *Washington Business Journal* named Smitty's as one of the top 50 fastest growing companies.

6.      Smitty's has been negatively impacted by external market conditions and internal factors. Externally, the downturn in the housing market and new home sales has led to decreased sales. The tightening of the credit market has resulted in a further decrease in business, as many consumers have decided to forego new home purchases or home renovations. Because credit is no longer easily accessible, some contractors and customers have been unable to pay their Smitty's accounts, resulting in significant cash-flow problems. Smitty's itself has had to pay more for credit at a time when its debt load is unusually high due to efforts to expand

its business through acquisitions. Internally, Smitty's difficulties in integrating its new acquisitions into its existing business model, its overwhelmed accounting department, and its decision to implement a new enterprise resource planning system have led to inefficient operations and lost revenues.

7. As a result of these external and internal factors, Smitty's faced severe financial pressures. Smitty's has engaged in an ongoing and extensive effort to review its operations and cut expenses in an effort to maintain sufficient liquidity to withstand the downturn in the economy. Over the last several months, Smitty's has had ongoing and repeated meetings with its vendors and has tried to negotiate forbearance agreements and/or reasonable payment plans with each of them. Additionally, Smitty's has been working closely with its secured lender to meet its obligations. Despite its best efforts, however, Smitty's has been unable to resolve its liquidity crisis outside the bankruptcy forum.

8. At the time this case was commenced, the Debtors were in possession of certain miscellaneous computers, phones, copiers, furniture, office supplies, equipment and vehicles that are not necessary for the Debtors' reorganization efforts primarily located at two showrooms in Rockville, Maryland and McLean, Virginia as well as a warehouse in Manassas, Virginia (the "Equipment"), as listed on Exhibit A attached hereto, in connection with its retail windows sales business.

## PROPOSED SALE OF PROPERTY

9. The Debtors have determined that in light of the modest value of the Equipment and the lack of a market for the Equipment that a negotiated sale is the most cost-effective means to sell the Equipment and that a full auction pursuant to §363 would be cost prohibitive.

10. The Equipment is used in the Debtors retail windows sales business, which the Debtors have already exited. However, the Equipment is still located at properties where the Debtors have rejected their leases and the Debtors are responsible for removing the Equipment. It is estimated that this could cost approximately $15,000 to $20,000.

11. The Debtors have located a purchaser for the Equipment for the price of $58,020.00 with a credit of $11,000 for the reduction in relocation costs of the Equipment to the Debtors (the "Sale Price"). The Sale Price will be paid pursuant to a three year note with an interest rate of 6%.

12. The purchasers are two shareholders of Smitty's Building Supply, Inc., Lynn S. Pedrotti and Robert S. Smith (the "Purchasers").

13. By this Motion, the Debtors are seeking, subject to notice to all parties in interest and the approval of the Court, authority to sell the estate's interest in the Equipment for the price stated herein. Upon Court approval, the Debtors will transfer the Equipment to the Purchasers. The Equipment will be sold "as is," "where is" and "with all faults."

14. The Debtors are not aware of any formal appraisal value of the Equipment.

15. The Equipment is in used condition and much of the Equipment is specialized for the Marvin Windows and Doors sales business and is not usable by another windows retailer. Because of the condition of the Equipment and the costs saved associated with relocating the Equipment, the Debtors believe that the net Sale Price of $47,020.00 represents fair value for the Equipment.

## NOTICE OF THE PROPOSED SALE

16. In accordance with §363(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 6004(a), the Debtors propose to provide notice of the sale described in this Motion to all parties in interest. A copy of the notice that will be served by the Debtors within two business days of the filing of this Motion is attached hereto as Exhibit B.

17. The notice and hearing procedures described above will provide "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances" pursuant to §§102(1) and 363(b) of the Bankruptcy Code.

## APPROVAL OF THE SALE PURSUANT TO THE PROCEDURES DESCRIBED HEREIN IS IN THE BEST INTEREST OF THE ESTATE

18. Section 363(b) of the Bankruptcy Code provides that the debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b). See also Fed. R. Bankr. P. 6004(f)(1) (sales not in the ordinary course of business may be by private sale or by public auction).

19. Although § 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of an estate's assets, courts have consistently held that approval of a proposed sale of property pursuant to § 363(b) of the Bankruptcy Code is appropriate if the transaction represents the reasonable business judgment of the debtor and there is a sound business purpose for conducting the sale prior to plan confirmation. *See*, WBQ Ptnr. v. Virginia Dep't of Medical Assistance Servs., 189 B.R. 97, 102 (Bankr. E.D. Va. 1995); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 149-50

(3d Cir. 1986); *In re Tempo Technology Corp.*, 202 B.R. 363, 365 (D. Del. 1996), *aff'd*, 141 F.3d 1155 (3d Cir. 1998).

20. The "sound business purpose" test requires a trustee to establish four elements: (1) that a sound business purpose justifies the sale outside the ordinary course of business; (2) that accurate and reasonable notice has been provided; (3) that the debtor has obtained a fair and reasonable price; and (4) good faith. *See Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith."); *In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991)(holding that a court must be satisfied that there is a "sound business reason" justifying the pre-confirmation sale of assets). The Debtors submits that the proposed sale of the Equipment on the terms described herein satisfies the standard set by the applicable law.

## **PROCEDURES FOR SALE OR ABANDONMENT OF DE MINIMUS ASSETS**

21. The Debtors are seeking the authority in their sound business judgment to effectuate future sales or abandonment of assets through a transaction or series of transactions to one buyer or group of buyers that would have a value of less than $100,000 (the "De Minimis Assets") by:

- providing written notice of such sales or abandonments (the "Notice" attached hereto as Exhibit C) to (i) the United States Trustee, (ii) counsel for Bank of America, (iii) counsel for the Unsecured Creditors Committee, (iv) any entities affected by the sale of the De Minimis Assets, and(v) all other parties requesting notice in the case (collectively, the "Notice Parties")
- if no written objections are filed by the Notice Parties within ten business days of the date of such Notice, the Debtors are authorized to immediately effectuate and consummate the sale or abandonment; and

- if a written objection is filed by a Notice Party and is not withdrawn pursuant to a consensual resolution, the Debtors shall file a Motion to Sell or Abandon the De Minimis Assets (the De Minimis Motion"), serve the De Minimis Motion on the Notice Parties, and schedule a hearing on the sale or abandonment of the De Minimis Assets to be heard by the Court

22. The cost to the estate of noticing every party in interest for sales or abandonment of De Minimis Assets is prohibitively costly to the estate. The Debtors believe it is an undue waste of estate assets to obtain Court approval pursuant to a full motion and notice period in order to abandon or sell De Minimis Assets, and believe the expedited procedures set forth herein are in the best interests of creditors and of the estate.

23. Similar procedures for expedited sale or abandonment and notice have been approved by this Court. See, In re Movie Gallery, Inc., No. 07-33849 (Bankr. E. D. Va. Nov. 9, 2007) (authorizing de minimis procedures on varying scales including sales under $250,000 with no notice to any party); In re Heilig-Meyers Co., No. 00-34533 (Bankr. E.D. Va. May 9, 2000) (authorizing de minimis procedures for sales under $250,000 on limited notice).

24. The relief requested is appropriate pursuant to §363(b)(1), §102(1)(A)(defining after notice and a hearing to be notice and opportunity for a hearing as appropriate under the circumstances of the matter), and 2002(a)(2), which provides for the Court to shorten the 20 day notice required for sales of property for cause.

25. The Debtors have listed on their schedules in excess of $21 million in assets (gross book value). In comparison to the schedules, the value of any De Minimis Assets that may be sold is less than .005 percent of the Debtors' total assets listed on the schedules.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an Order (i) authorizing the sale of the estate's interest in the Equipment in accordance with the terms

described herein; (ii) authorizing the Debtors to execute and deliver such documents as are necessary to effectuate the transfer of the estates interest in the Equipment; (iii) authorizing the Debtors to sell De Minimus Assets pursuant to the expedited procedures set forth herein and (iii) granting the Debtors such other and further relief as is just and proper.

Dated: February 26, 2009

*/s/ Abby W. Clifton*
Abby W. Clifton (Admitted Pro Hac)
Kristen E. Burgers (VSB No. 67997)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone:  (703) 760-1600
Facsimile:  (703) 821-8949
keburgers@venable.com
ajcurrie@venable.com

-and-

Andrew J. Currie
Abby W. Clifton
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
Telephone:  (410) 244-7400
Facsimile:  (410) 244-7742
awclifton@venable.com

*Counsel to the Debtors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of February, 2009, a copy of the Debtors' Motion for Authority to Sell Property of the Estate and a proposed form of Order thereon, was sent, via first class mail postage prepaid or electronic transmission, to the parties listed below.

*Via ECF*

| | |
|---|---|
| Bank of America, NA<br>c/o Nikolaus F. Schandlbauer, Esquire<br>Harold G. Belkowitz, Esquire<br>Ober, Kaler, Grimes & Shriver, PC<br>1401 H Street, NW, Suite 500<br>Washington, DC 20005<br><br>nfschandlbauer@ober.com<br>hgbelkowitz@ober.com | United States Trustee<br>c/o Martha L. Davis, Esquire<br>Office of the United States Trustee<br>115 S. Union Street, Suite 210<br>Alexandria, VA 22314<br><br>Martha.Davis@usdoj.gov |
| Capitol Building Supply, Inc.<br>c/o James W. Reynolds, Esquire<br>Odin, Feldman & Pittleman, PC<br>9302 Lee Highway, Suite 1100<br>Fairfax, VA 22031<br><br>Jim.reynolds@ofplaw.com | Lumbermens Merchandising Corporation<br>c/o Jeremy W. Ryan, Esquire<br>Saul Ewing LLP<br>222 Delaware Avenue<br>P.O. Box 1266<br>Wilmington, DE 19801<br><br>jryan@saul.com |
| Madison Wood Preservers, Inc.<br>c/o John T. Donelan, Esquire<br>Law Offices of John T. Donelan<br>125 South Royal Street<br>Alexandria, VA 22314<br><br>jtdlaw@verizon.net | Proposed Counsel for the Official Committee of Unsecured Creditors of Smitty's Building Supply, Inc., et al.<br>c/o Craig B. Young, Esquire<br>LeClairRylan, PC<br>225 Reinekers Lane, Suite 700<br>Alexandria, VA 22314<br><br>craig.young@leclairryan.com |
| Diamond Hill Plywood Company<br>c/o Paul S. Bliley, Jr., Esquire<br>Williams Mullen<br>P.O. Box 1320<br>Richmond, VA 23218<br><br>pbliley@williamsmullen.com | GreatAmerica Leasing Company<br>c/o William C. Crenshaw, Esquire<br>Bryan Cave LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br><br>bill.crenshaw@bryancave.com |

| | |
|---|---|
| Commonwealth of Virginia Department of Taxation<br>c/o Jeffrey Scharf, Esquire<br>Mark K. Ames, Esquire<br>Taxing Authority Consulting Services, PC<br>2812 Emerywood Parkway, Suite 220<br>Richmond, VA 23294<br><br>jeff@taxva.com | 7890 Notes Drive, LLC<br>c/o Matthew A. Clary, III, Esquire<br>10114 Farrcroft Drive<br>Fairfax, Virginia 22030<br><br>mclaryiii@cox.net |
| Banc of America Leasing & Capital, LLC<br>c/o James R. Schroll, Esquire<br>Bean, Kinney & Korman, PC<br>2300 Wilson Boulevard, 7th Floor<br>Arlington, Virginia 22201<br><br>jschroll@beankinney.com | |

*Via US Mail*

| | |
|---|---|
| Andersen Corporation<br>Attention: Rhonda Isaacson<br>Mail Stop MN 126-0114<br>100 Fourth Avenue, North<br>Bayport, MN 55003 | Andersen Logistics<br>c/o David B. Galle, Esquire<br>Rebecca G. Sluss, Esquire<br>Oppenheimer Wolff & Donnelly LLP<br>3300 Plaza VII<br>45 South Seventh Street<br>Minneapolis, MN 55402<br><br>dgalle@oppenheimer.com<br>rsluss@oppenheimer.com |
| GMAC LLC<br>c/o Carl A. Eason, Esquire<br>Wolcott Rivers Gates<br>One Columbus Center, Suite 1100<br>Virginia Beach, VA 23462 | Kenneth R. Rhoad, Esquire<br>Gebhardt & Smith LLP<br>1 South Street, Suite 2200<br>Baltimore, Maryland 21202 |
| Light Styles, Ltd.<br>c/o Lawrence G. Frank, Esquire<br>Thomas, Long, Niesen & Kennard<br>P.O. Box 9500<br>212 Locust Street, Suite 500<br>Harrisburg, PA 17108-9500<br><br>lawrencefrank@earthlink.net | |

*/s/ Abby W. Clifton*
Abby W. Clifton